USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/25/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE PIZARRO,

                Plaintiff,

-v.-

U.S. POST OFFICE, ET AL.,

                Defendants

17-CV-4409 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Jose Pizarro brings this action, *pro se*, pursuant to 42 U.S.C. § 1983 against the City of New York and Officers Renee Atsa, Tamara Harrison, and Demetrius Bryant (collectively, "the Defendants") alleging that they violated his constitutional rights by interfering with his ability to send and receive legal mail. For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED**.

## BACKGROUND

Plaintiff alleges that Defendants "maliciously tampered with [his] incoming and outgoing mail" while he was incarcerated at Rikers Island. *See* Second Amended Complaint ("SAC") ECF No. 36 at 4. Specifically, Plaintiff alleges that Defendants refused to give him his legal mail when he transferred facilities, failed to deliver mail associated with several of his pending cases, marked letters to religious organizations and legal institutions as "return to sender" without sending them, and gave his mail to other inmates and refused to give it back to him when he complained. *Id.* at 5–6. Plaintiff alleges that this interference with his ability to send and receive mail caused him to obtain three strikes under 28 U.S.C. § 1915(g) and thus be denied *in forma pauperis* status in other cases and caused him to have to appeal civil matters that were dismissed

1

for failure to prosecute. *Id.* at 8. Through this action, Plaintiff seeks "to have civilians handle inmate mail" and seeks $10,000,000 in compensatory damages and $10,000,000 in punitive damages from each defendant.

On September 7, 2018, Plaintiff's attorney Michael T. Ridge, Esq. executed a Stipulation of Settlement in *Jose Pizarro v. The City of New York*, Index No. 29760/2017 (Sup. Ct. Bronx Cty.). Declaration of Christopher Ferreria ECF No. 64 at Ex. 4. This Stipulation included a General Release that was notarized by Mr. Ridge, in which Plaintiff agreed to:

> release and forever discharge the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York and all other individually named agents, assignees, lessees, and representatives of the City of New York, collectively the 'RELEASEES', from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which RELEASOR had, now has or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE, except as indicated below, if applicable.

*Id.* The Release also included an "Exclusions" section (where the parties could indicate matters to which the General Release does not apply) which was left blank. Plaintiff filed his complaint on June 12, 2017, ECF No. 2, filed an amended complaint on December 21, 2017, ECF No. 8, and filed a second amended complaint on July 18, 2018, ECF No. 36. The Court then granted Defendants leave to file a motion for summary judgment. ECF No. 61. Defendants filed the instant motion on June 27, 2019, ECF No. 62–66, and Plaintiff's Response was due on August 1, 2019. After Plaintiff failed to respond, the Court ordered him to show cause as to why Defendants' motion should not be deemed unopposed. ECF No. 67. To date, Plaintiff has not submitted a response and accordingly, Defendants' motion is deemed unopposed.

## LEGAL STANDARD

I.  **Summary Judgment**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and "the moving party is entitled to a judgment as a matter of law." *Cortes v. MTA New York City Transit*, 802 F.3d 226, 230 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)) (quotation marks omitted); see also Fed. R. Civ. P. 56(a). Material facts are facts that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. An issue of fact is "genuine" when a reasonable fact finder can render a verdict in the nonmoving party's favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (quotation marks omitted). "[T]he court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003) (quoting *Marvel Characters v. Simon*, 310 F.3d 280, 285–86 (2d Cir. 2002)). If the moving party meets its burden, the burden shifts to the non-moving party to bring forward "specific facts showing a genuine issue for trial." *Gen. Ins. Co.*, 2016 WL 4120635, at *4 (citation omitted); see also Fed. R. Civ. P. 56(c). The non-moving party "may not rest upon mere allegation[s] or denials of his pleadings." *Anderson*, 477 U.S. at 259. Rather, the non-moving party must "designate specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and these facts must be "admissible in evidence." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (quoting Fed. R. Civ. P. 56(e)). "The mere existence of some alleged factual dispute between the

parties" alone will not defeat a properly supported motion for summary judgment," *Anderson*, 477 U.S. at 247 (emphasis in original), and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 50 (citations omitted).

## II. General Release

"[S]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." *Collins v. Harrison–Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (quotation marks and alteration omitted). Under New York law, which applies in this case, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Arzu v. City of New York*, No. 13-CV-5980, 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015) (citing *Pampillonia v. RJR Nabisco. Inc.*, 138 F.3d 459, 463 (2d Cir. 1998)). "Words of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *Mateo v. Carinha*, No. 19-CV-1078, 2020 WL 564160, at *2 (2d Cir. Feb. 5, 2020) (summary order) (quotation marks and citation omitted).

## DISCUSSION

The September 7, 2018 General Release bars Plaintiff's claims in this case. The terms of the Release are clear and unambiguous and there are sufficient facts to suggest that it was knowingly and voluntarily entered into by Plaintiff.

Plaintiff does not present any evidence that the General Release is invalid because of reasons of "duress, illegality, fraud, or mutual mistake." *Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011). In fact, Plaintiff was represented by counsel when he signed the General Release, indicating that he understood the scope of the Release and

entered into it voluntarily and knowingly. *See, e.g., Gracia v. City of New York*, No. 16-CV-7329, 2017 WL 4286319, at *3 (S.D.N.Y. Sept. 26, 2017). Moreover, the General Release was notarized by Plaintiff's attorney, indicating that the signature was authentic. *See, e.g., AEI Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 139 (2d Cir. 2018).[1] Given these facts and in the absence of evidence to the contrary, this Court finds the General Release valid and enforceable.

The terms of the General Release clearly preclude the instant action. *Roberts v. Doe 1*, No. 14-CV-9174, 2015 WL 670180, at *5 (S.D.N.Y. Feb. 17, 2015) ("Courts in this Circuit repeatedly hold that [general] releases . . . bar suit against the City and its employees for conduct that pre-dates the release."). The Defendants are included in "the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York." These Defendants were released from "any and all claims, causes of action . . . which [Plaintiff] had, now has or hereafter can, shall, or may have . . . against [Defendants] for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE." Declaration of Christopher Ferreria ECF No. 64 at Ex. 4. Thus, any claims that Plaintiff has against Defendants that occurred through September 7, 2018 were barred. All of Plaintiff's claims from his second amended complaint are premised on

---

[1] In fact, although Plaintiff has not responded to Defendants' motion in this case, in a similar case concerning this same General Release, Plaintiff admitted that he signed the General Release. *See Pizarro v. Ponte*, No. 17-CV-4412, Order (ECF NO. 113), at 5 (S.D.N.Y. April 16, 2019). There, Judge Schofield granted defendants' motion for summary judgment finding that this General Release was unambiguous and that "[n]o reasonable trier of fact could conclude that the General Release is not a complete bar on Plaintiff's action." *See Pizarro v. Ponte*, No. 17-CV-4412, Order (ECF No. 113), at 4 (S.D.N.Y. April 16, 2019). The Court agrees with Judge Schofield's decision that this General Release is valid and enforceable against Plaintiff. *See, e.g., Cuffee v. City of New York*, No. 15-CV-8916, 2018 WL 1136923, at *6 (S.D.N.Y. Mar. 1, 2018) (quotations omitted) (granting summary judgment and enforcing a general release "because Plaintiff has neither raised [a] challenge as to the authenticity of his signature on the Release, nor asserted that he signed the agreement under duress or based upon misinformation, no reasonable juror could find that Plaintiff did not . . . voluntarily, knowingly, and willingly release Defendants from any and all liability, claims, or rights of action").

incidents that occurred well before the Plaintiff signed the General Release. Thus, the Release clearly precludes the instant action.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is **GRANTED**. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

**Dated:**     **February 25, 2020**
             **New York, New York**

                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**